NO. 07-02-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 2, 2003

_____

ARIE SHALEV,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 13 OF HARRIS COUNTY;

NO. 1058728; HON. MARK ATKINSON, PRESIDING

_____

*MEMORANDUM OPINION*

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

Arie Shalev (appellant) appeals his conviction for driving while intoxicated (DWI). Via two issues, he contends that 1) the trial court erred by admitting evidence regarding the horizontal gaze nystagmus (HGN) field sobriety test administered to him by one of two officers and 2) he was denied the effective assistance of counsel. We affirm the judgment.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

### *Issue One — HGN Testimony*

Appellant initially contends that the trial court erred in admitting the testimony of Officer Maynor regarding his administration of the HGN test and appellant's performance of same. This was purportedly error because the officer was not an expert in the area. Furthermore, he purportedly was not an expert because he had yet to receive his practitioner's certification from the State of Texas to administer the test. We overrule the issue for the following reason.

Assuming *arguendo* that admission of the testimony was improper, we find the trial court's decision harmless. Another officer administered his own HGN test upon appellant while a third administered upon him other field sobriety tests. Both testified about their respective acts and the results derived. Both also opined, before the jury, that appellant was intoxicated. Furthermore, appellant does not complain on appeal about the admission of that particular evidence. And, to it we add the evidence illustrating that appellant 1) had a strong odor of alcohol on his breath, 2) slurred his speech, 3) had to lean on the car to keep his balance, 4) staggered when he walked, and 5) admitted to drinking at least two glasses of wine shortly before his arrest. So, given that Maynor's testimony was redundant of that provided by Officer Robinson and the overwhelming amount of other evidence indicative of appellant's intoxication, we conclude that the decision to admit Maynor's testimony had no effect on any of his substantial rights. *See* TEX. R. APP. P. 44.2(b) (stating that error not of constitutional magnitude must affect a substantial right before it can be the basis for reversal); *Couchman v. State*, 3 S.W.3d 155, 160-61 (Tex. App.--Fort Worth 1999, pet. ref'd) (refusing to find harmful error when the evidence about which appellant complained was cumulative of other, properly admitted, evidence on the same

subject); *Gilcrease v. State*, 32 S.W.3d 277, 279 (Tex. App.--San Antonio 2000, pet. ref'd) (refusing to find harm when the evidence of guilt was overwhelming).

### Issues Two and Three

In his next, and last two issues, appellant contends that he was denied the effective assistance of counsel. This allegedly occurred in two respects. First, counsel supposedly acted improperly by failing to object when Officer Robinson allegedly testified that the manner in which appellant performed the HGN test illustrated that his blood alcohol level exceeded the legal limit. Second, counsel was allegedly deficient by failing to object to that testimony of Officer Maynor which "aided in the inescapable conclusion that appellant's [blood alcohol content] was at least above the legal limit based on the results of the HGN test." We overrule the issues.

Regarding the first act complained of, Officer Robinson did not testify as suggested by appellant. Admittedly, the officer did state that "through the results of the HGN, I can tell you what the person's alcohol level would be . . . ." Yet, trial counsel immediately objected to his doing that. At that point, the witness said 1) "I'm not going to say it," though he believed he "could have" and 2) "that would tell me that he would be a - - if he was *above or below* the legal limit." (Emphasis added). Nonetheless, the officer never proffered an opinion about what appellant's blood alcohol content was based upon appellant's performance on the HGN test. And, given that the witness never so testified, trial counsel cannot be held deficient by failing to object to evidence that was never offered.

Regarding the second instance of purported deficiency, appellant again mischaracterizes the record. Maynor did not testify that a suspect's performance of the HGN test in a certain manner illustrates that the suspect has a particular blood alcohol

3

level. He simply stated that 1) to be certified by the State to perform HGN tests, an officer must administer 35 such tests, the results of which must be confirmed by subsequent "breathalyzer test[s]" and 2) "[i]n other words, if I test a person I believed was intoxicated, I would have to have a breathalyzer test to back that up on my certification that we send off to the State to be certified." As can be readily seen, Maynor was merely describing the steps required in obtaining one's certification. He was not purporting to suggest that one's performing an HGN test in a certain way means that he has a blood alcohol content exceeding the legal limit. Nor may either of his comments be rationally construed as indicating as much. At best, the comments may be interpreted as illustrating that 1) breath analysis must confirm one's opinion about another's intoxication garnered through application of the HGN test before one can be certified to administer the HGN test and 2) breath analysis may or may not confirm that opinion. So, because the testimony at issue was not of the ilk described by appellant, we refuse to hold trial counsel deficient for failing to object to evidence never offered.

Accordingly, the judgment is affirmed.

Brian Quinn
Justice

Do not publish.

4